## WICKERSHAM v. DuBOIS.

---

### PLEADING; ACTIONS; APPEALS.

Where, in an action against the proprietor of a bathing beach to recover for injuries received by the plaintiff by reason of his stepping, while bathing, upon the splintered end of a submerged stake, the declaration alleged a contract by the defendant that the beach was safe, and its breach, but it also showed that defendant owed, and committed the breach of, a duty to the plaintiff independent of the contract, and a plea of not guilty was interposed, and the evidence on the trial supported the declaration as one in tort,—a judgment on a verdict for

the plaintiff will not be disturbed on appeal by the defendant on the theory that the action was *ex contractu*, and not in tort.

No. 2023. Submitted November 9, 1909. Decided December 7, 1909.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia entered upon the verdict of a jury in an action to recover damages for alleged personal injuries. ·                            *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment rendered in the supreme court of the District of Columbia in favor of the appellee, Charles L. DuBois, plaintiff below, and against the appellant; Turner A. Wickersham, defendant below, for damages sustained by appellee while bathing at Chesapeake Beach, in the State of Maryland. For convenience, the parties will hereafter be referred to in the relation they sustained in the court below, as plaintiff and defendant.

In his declaration, plaintiff alleged in substance that for some time prior to the date of the occurrence of the accident in question, September 1, 1906, the defendant had been maintaining and conducting a bathing beach at Chesapeake Beach, in the State of Maryland; that, in consideration of the payment of the sum of .25 cents by plaintiff to defendant, defendant contracted with plaintiff that he might bathe in said beach "safely and without injury or damage;" and that plaintiff, pursuant to this contract, went into the water, and, "without any negligence on his part, stepped with his left foot upon the rough, jagged, and splintered end of a certain post or stake, then and there beneath said waters, which said post or stake, without the knowledge of plaintiff, was by the defendant then and there improperly, wrongfully, and negligently left, allowed and permitted to remain as aforesaid, and in the condition aforesaid," as a result of which plaintiff sustained the injury for which compensation, in the way of damages, is sought in this action. To the declaration, defendant entered a plea of "not guilty in

the manner and form alleged." The plaintiff joined "issue upon the defendant's plea." The issue thus presented was tried to a jury, resulting in a verdict for the plaintiff.

*Mr. Frederic D. McKenney, Mr. J. Spalding Flannery,* and *Mr. William Hitz* for the appellant.

*Mr. William M. Lewin, Mr. Fred. G. Coldren,* and *Mr. Frederick A. Fenning* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The assignments of error upon which counsel for defendant relied at bar all challenge the court's instructions to the jury. It is insisted that, in the trial of the case below, both parties treated the declaration as one in contract; that the cause was tried, and the jury, without objection from either party, instructed, on that theory; and that while the proofs adduced were sufficient to have supported a verdict, had the cause of action been declared upon in tort, they were insufficient to support the action in contract.

It is conceded that the proofs adduced on the trial are sufficient to support the verdict if the action declared upon is *ex delicto*. This narrows the inquiry to an interpretation of the declaration and the theory upon which the case was presented to the jury. The declaration unquestionably goes much farther than good pleading requires in setting out a special contract as a basis for an action in tort. With the fact of the payment of the consideration alleged, the other allegations in relation to the contract might well have been left to inference. We are not convinced, however, that the declaration should be treated as one other than in tort.

The action as set forth is not based upon the breach of a contract, but upon the failure of defendant to exercise that degree of care and diligence for the safety of plaintiff which the law imposed upon him. A reasonable view of the issue here presented in the pleadings, and the theory upon which the case

was tried, is that plaintiff, by the payment of the sum of 25 cents, contracted with defendant for the privilege of using the beach for the purpose of taking a bath; defendant in turn agreeing to furnish a place where plaintiff could bathe safely and free from injury, unless injury should result from plaintiff's own negligence. The only breach of the contract alleged in the declaration consists in the charge that defendant improperly, wrongfully, and negligently left and permitted the post or stake to remain in the water where the plaintiff, notwithstanding the exercise of reasonable care on his part, stepped upon it and was injured. Defendant, by inviting plaintiff to enter into this arrangement, assumed the obligation the law imposes upon him of furnishing plaintiff such safe accommodations as were possible by the exercise of reasonable care and diligence on his part; and we think the contract as alleged imposed upon him no greater obligation. Defendant did not become an insurer of plaintiff against all possible accident; neither do we think a reasonable reading of the declaration makes him such. Plaintiff is not here suing for a breach of the contract, except in so far as the defendant failed to furnish him a safe place in which to bathe, a duty arising from the relationship of the parties, irrespective of the contract.

Now, as to the theory upon which the case was tried below. Defendant is estopped from claiming surprise. He can hardly be heard to say that he believed he was meeting an issue *ex contractu,* since, without interposing a demurrer as to form, his plea was to a declaration in tort. Neither do we think the proofs adduced at the trial, or the instructions of the court to the jury, will bear the narrow interpretation placed upon them by counsel for defendant. The court instructed the jury, in substance, that the plaintiff claimed that he entered into a contract with the defendant, which contract was broken by the defendant. Consequently, said the court: "There are four questions in this case: First, whether a contract was entered into; second, whether it was broken; third, whether plaintiff was damaged; and fourth, how much?" The court then defined the contract set out in the declaration as one wherein the de-

fendant, in consideration of the payment of the fee by plain-
tiff and the exercise of reasonable care on his part, agreed to
furnish him a safe place in which to bathe. The court, then
taking up the part of the declaration charging negligence on
the part of the defendant, instructed the jury that the law
imposed upon the defendant the duty of exercising reasonable
care and prudence in furnishing his customers a safe place in
which to bathe, "always understanding, as the declaration ad-
mits, that it was the duty of the other party to the contract to
conduct himself carefully."

The case as submitted to the jury, and what the jury neces-
sarily must have found from the evidence, guided by the in-
structions of the court, are well stated by the learned trial jus-
tice in his opinion on the motion for a new trial, as follows:
"The case was submitted to the jury in language strongly and
consistently indicating that the declaration was in contract,
but the jury were required to find all that it would have been
required to find if the declaration had been treated as in tort.
It found that the defendant was the keeper of the beach, and
invited the plaintiff to bathe there, and contracted with him that
he might bathe there in consideration of the fee received by
the defendant from the plaintiff; that the plaintiff was free
from negligence in the use he made of the place; that the de-
fendant was guilty of negligence in allowing the stake to remain
where it was and in failing to warn the plaintiff of the danger;
and that the plaintiff's injury resulted directly from such neg-
ligence on the part of the defendant. These facts all having
been found in the plaintiff's favor, as they must necessarily
have been found under the instructions, the question is whether
the verdict should be set aside and a new trial ordered merely
because the declaration might have been treated as a declaration
in contract, and because the court referred to it as a declara-
tion in contract in its charge to the jury."

The old hard-and-fast rules of pleading of the English com-
mon law have been somewhat relaxed in American jurisdic-
tions. Where there is a doubt as to the character of the issue
tendered by the pleadings, and there is an apparent variance

between the proofs and the pleadings, appellate courts will ascertain from the record, if possible, the theory upon which the trial court proceeded, and, when consistent, reconcile the variance. In *Stockton* v. *Bishop,* 4 How. 155, 11 L. ed. 918, where suit was brought to recover damages for injuries sustained by a passenger in a stagecoach, it was urged that the judgment could not be sustained because the declaration did not aver a consideration, and hence there was no averment of a contract whatever. Mr. Justice Catron, delivering the opinion of the court, said: "The plaintiff in error having pleaded not guilty and gone to trial, the presumption is that the proof supplied the defective statement. Such, we suppose, is the uniform rule where material dates are left blank. It is insisted that the declaration does not set out the payment of any passage money; nor any promise or undertaking on the part of the defendants below to carry the plaintiff safely. The allegation is that the plaintiff, at the special instance and request of the defendants, became and was a passenger in a certain coach, to be carried safely, etc., for certain rewards to the defendants; and thereupon it was their duty to use due and proper care that the plaintiff should be safely conveyed. The breach is well assigned, as it shows the neglect and consequent injury sustained. No demurrer was interposed for want of form; and this brings the 32nd section of the judiciary act of 1789 to bear on the proceeding. Not guilty was pleaded; a trial had on the issue, on which the jury returned a verdict."

If no cause of action had been alleged independent of the contract, it would have been clearly one of assumpsit; but the declaration does more; it alleges a common-law liability. In that case, the contract is stated merely by way of inducement, and the real test is whether, if the contract was stricken out, any cause of action would remain. In *Kelly* v. *Metropolitan R. Co.* [1895] 1 Q. B. 944, where the action was brought by a railway passenger against the company for injuries caused by the negligence of the servants of the company, the court said: "The distinction is this,—if the cause of complaint be for an act of omission or nonfeasance, which, without proof of a con-

tract to do what has been left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists), then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort.'' So, in the case at bar, the issue was joined in tort. There was a duty shown independent of the contract, and the trial court, considering the allegations of the declaration; which had not been demurred to, in the light of the plea of defendant and the proof adduced at the trial, was justified in holding that the right of recovery was not based upon the breach of a contract holding the defendant an insurer, but upon the neglect of a common-law duty. The action, therefore, is one sounding in tort.

We are unable to find reversible error. The judgment, therefore, is affirmed with costs, and it is so ordered. *Affirmed.*